UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANNEBELLE V. DUNCAN,

              Plaintiff,

v.                                                           CASE NO. 2:07-10164
                                                            HON. GERALD E. ROSEN

THE DEPARTMENT OF JUSTICE,
RONALD WATERSTREET, ROBERT J. LEVY,
STATE OF MICHIGAN FRIEND OF THE COURT,
RAPHAEL VILLARUEL, MICHELE T. LAFLORA,
RICHARD AMBERG, JR., CYRIL C. HALL,
FEDERAL BUREAU OF PRISONS, TERI WARD,
GREGORY T. KAPUSTA, DAVID FINDLING,
GEORGE CARAM STEEH, and VIRGINIA M. MORGAN,

              Defendants.
_____/

### **ORDER OF DISMISSAL**

### **I. Introduction**

Plaintiff Annebelle V. Duncan has filed a *pro se* complaint, which the Court has construed as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Also pending before the Court are Plaintiff's application and motions (1) for appointment of counsel [Doc. 3, Jan. 9, 2007], (2) to subpoena phone records [Doc. 7, Feb. 21, 2007], and (3) to amend the complaint to add Wayne County Circuit Court Judge William Lucas and First Michigan Title, Inc., as defendants [Doc. 8, Feb.

---

    [1] *Bivens* "created a federal right of action for money damages for the violation of constitutional rights." *AirTrans v. Mead*, 389 F.3d 594, 598 n.3 (6th Cir. 2004), *cert. denied*, __ U.S. __, 126 S. Ct. 373 (2005). *Bivens* "claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research v. Howard & Howard*, 76 F.3d 692, 698 (6th Cir. 1996).

21, 2007, and Doc. 9, May 2, 2007].

Plaintiff is a federal inmate currently confined at a correctional facility in Lexington, Kentucky. Defendants are: the United States Department of Justice; Assistant United States Attorney Ronald Waterstreet; Robert J. Levy, a private citizen; State of Michigan Friend of the Court[2]; attorneys Raphael Villaruel, Michele T. LaFlora, Richard Amberg, Jr., and Cyril C. Hall, who were asked to represent Plaintiff in a federal criminal case; the Federal Bureau of Prisons; Teri Ward, who is a unit manager for the Bureau of Prisons; Gregory T. Kapusta, an assistant warden for the Bureau of Prisons; attorney David Findling, who was Mr. Levy's attorney; United States District Judge George Caram Steeh; and United States Magistrate Judge Virginia M. Morgan. Plaintiff sues these defendants for monetary and injunctive relief. As noted, she also seeks to amend her complaint to add Wayne County Circuit Judge William Lucas and First Michigan Title, Inc., as defendants.

The complaint alleges that Plaintiff was arrested on May 3, 2000, and convicted of a narcotics offense on March 12, 2002. Plaintiff claims that Assistant United States Attorney Ronald Waterstreet brought fraudulent charges against her and that she is incarcerated for a crime she did not commit.

Defendants Raphael Villaruel, Michele La Flora, and Richard J. Amberg, Jr., were appointed to represent Plaintiff in the criminal case. According to Plaintiff, Mr. Villaruel slandered her, failed to properly assess her case, and tried to coerce her into doing what he wanted to do; attorney La Flora represented Plaintiff when Vallaruel withdrew as counsel, but

---

[2] Attachments to one of Plaintiff's motions demonstrate that the Friend of the Court is a subdivision of Wayne County, not the State of Michigan.

2

she did nothing to advance Plaintiff's claim of innocence; and attorney Amberg succeeded La Flora, but he failed to declare a mistrial on the basis of a witness's unfavorable testimony.

Defendant Cyril C. Hall was retained to represent Plaintiff after the trial. He allegedly caused Plaintiff to lose her right to appeal her conviction, and he lied on a sworn affidavit, which the Government used to discredit Plaintiff's defense. Magistrate Judge Morgan chose to believe Hall, as opposed to Plaintiff. All four attorneys (Villaruel, LaFlora, Amberg, and Hall) allegedly provided ineffective assistance. Plaintiff asserts that Judge Steeh deprived her of her right to due process, denied her motions for transcripts, and declined to issue a certificate of appealability.

Plaintiff also alleges that the father of her child, defendant Robert J. Levy, aided the Government in convicting her by providing false information and that Judge William Lucas presided over a child custody suit in which Mr. Levy obtained custody of Plaintiff's daughter. The Friend of the Court allegedly allowed Mr. Levy to place a lien on Plaintiff's property and failed to enforce child support orders against Mr. Levy, who misused funds intended for Plaintiff's child.

As for Teri Ward and Gregory T. Kapusta, Plaintiff alleges that they violated her right to freedom of religion and subjected her to cruel and unusual punishment. Plaintiff contends that federal officials also withheld her administrative grievance and deprived her of due process.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such

relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To successfully establish a *prima facie* civil rights case under § 1983 and, by analogy *Bivens*, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

### III. Discussion

Plaintiff's complaint is frivolous and fails to state a claim because it attacks her federal criminal conviction and the consequences of her conviction. A civil rights action is not the proper remedy for making a constitutional challenge to the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). As explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding

> criminal judgment against the plaintiff, the action should be allowed to proceed,
> in the absence of some other bar to the suit.

*Id*. at 486-487 (emphasis in original).

"*Heck*'s litigation bar applies with equal force to *Bivens* actions." *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms,* 452 F.3d 433, 460 (6th Cir. 2006) (citing *Robinson v. Jones,* 142 F.3d 905, 906-07 (6th Cir.1998)), *cert. denied*, __ U.S. __, 127 S. Ct. 1908 (2007). *Heck* and other Supreme Courts cases, when taken together, indicate that a prisoner's civil rights action is barred (absent prior invalidation), regardless of the relief sought (damages or equitable relief) or the target of the prisoner's suit (conduct leading to conviction or internal prison proceedings), "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has failed to show that her conviction was invalidated or impugned on habeas corpus review. Furthermore, success in this action would undermine Plaintiff's conviction. Therefore, the allegations pertaining to Plaintiff's federal conviction and the custody dispute that followed from the conviction are frivolous and fail to state a claim. For the following additional reasons, Plaintiff's allegations lack an arguable basis in law.

### A. The Department of Justice and the Bureau of Prisons

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citation omitted). Therefore, Plaintiff has no *Bivens* cause of action for damages against the Department of Justice or the Bureau of Prisons. Both

5

entities enjoy sovereign immunity from suit.

### B. Robert Levy, the Attorneys, and First Michigan Title, Inc.

Neither public defenders, nor private attorneys appointed by the court, act under color of state law when performing traditional functions as counsel for a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Thus, Plaintiff has failed to satisfy an essential element of a civil rights case as to defendants Villaruel, La Flora, and Amberg. As appointed defense attorneys, those defendants failed to act under color of law.

Plaintiff also has failed to state a claim against Cyril C. Hall, Robert J. Levy, and Levy's attorney, David Findling. The facts, as alleged, indicate that Levy is a private citizen and that Hall and Findling were retained attorneys engaged in private practice. None of these individuals acted under color of law. The same is true of First Michigan Title, Inc., whom Plaintiff seeks to add as a defendant.

### C. The Judges and Friend of the Court

Judges enjoy absolute immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Judicial immunity applies to state court judges, *Stump v. Sparkman*, 435 U.S. 349 (1978), to federal judges in *Bivens* suits for injunctive relief, *King v. Love*, 766 F.2d 962, 967 (6th Cir. 1985); *Newsome v. Merz*, 17 Fed. Appx. 343, 345 (6th Cir. 2001) (unpublished), and to federal magistrate judges, *Newsome*, 17 Fed. Appx. at 345. Friends of the Court are entitled to quasi-judicial immunity. *Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981). Thus, Plaintiff has no cause of action against the Friend of the Court, United States District Judge George Caram

Steeh, who presided over Plaintiff's criminal case, United States Magistrate Judge Virginia M. Morgan, who handled some matters in the criminal case, or Wayne County Circuit Judge William Lucas, whom Plaintiff seeks to add as a defendant.

### D. The Federal Prosecutor

Prosecutors also enjoy immunity from damages liability. This immunity extends to acts performed in their role as advocates for the state. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages . . . . " *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Because Assistant United States Attorney Ronald Waterstreet's conduct in prosecuting Plaintiff was "intimately associated with the judicial phase of the criminal process," *id*. at 430, he enjoys prosecutorial immunity from suit.

### E. The Correctional Officials

The remaining defendants, Teri Ward and Gregory T. Kapusta, apparently are correctional officials in Kentucky where Plaintiff is confined. The proper venue for those defendants is the district where they reside or where a substantial part of the events or omissions giving rise to the claims occurred. 28 U.S.C. § 1391(b). Because the events giving rise to the claims against Ward and Kapusta did not occur in this District, Ward and Kapusta will be dismissed from this lawsuit without prejudice pursuant to § 1391(b) and 28 U.S.C. §1406(a).

## IV. Conclusion

For all the reasons given above, the Court concludes that Plaintiff's allegations lack an arguable basis in law. Accordingly, Plaintiff's claims against the Department of Justice, Ronald Waterstreet, Robert J. Levy, the State of Michigan Friend of the Court, Raphael Villaruel,

Michele T. LaFora, Richard Amberg, Jr., Cyril C. Hall, the Federal Bureau of Prisons, David Findling, George Caram Steeh, and Virginia M. Morgan are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The claims against correctional officials Teri Ward and Gregory T. Kapusta are dismissed without prejudice to Plaintiff's right to renew her claims about them in the proper district.

Plaintiff's application for appointment of counsel [Doc. 3, January 9, 2007] and motion to subpoena telephone records are DENIED as moot. Her motions to add defendants [Doc. 8, Feb. 21, 2007, and Doc. 9, May 2, 2007] are DENIED because the allegations against the proposed defendants are frivolous and fail to state a claim. Finally, an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                    s/Gerald E. Rosen  
                    Gerald E. Rosen  
                    United States District Judge

Dated: May 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2007, by electronic and/or ordinary mail.

                    s/LaShawn R. Saulsberry  
                    Case Manager